IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSHUA FLAX                          *

        Plaintiff             *

        vs.                   *   CIVIL ACTION NO. MJG 16-1209

NAVIENT SOLUTIONS, INC., et al. *

        Defendants            *

*        *        *        *        *        *        *        *        *

<u>MEMORANDUM & ORDER RE: DISMISS</u>

The Court has before it the Motion of Navient Solutions, Inc. to Dismiss, in part, Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 13], and the materials relating thereto.  The Court finds that a hearing is unnecessary.

I.   <u>BACKGROUND</u>[1]

Plaintiff Joshua Flax ("Flax")[2] was informed by his parents following their divorce that they would share the cost of paying for his undergraduate tuition.  Starting in August 2011, Flax attended Franklin & Marshall College in Pennsylvania.[3]  In or about April 2013, Flax learned that his sister had been

---

[1]    The "facts" herein are stated as alleged by Plaintiff and are not necessarily agreed upon by Defendants.
[2]    And, apparently, his sister as well.  <u>See</u> allegations in <u>Samantha Flax v. JPMorgan Chase Bank, N.A., et al.</u>, JKB-16-01039.
[3]    From which he graduated in May 2015.

contacted about a loan she had not made. Flax checked his own credit report and was surprised to find that his father had taken three separate private educational loans from Navient Solutions, Inc.[4] in Flax's name without his knowledge or consent by forging his signature on pertinent documents.[5]

Flax filed the Complaint [ECF No. 2] in the Circuit Court for Baltimore County.  Navient properly removed the case.[6]

Flax presents claims against Navient in seven counts:

- Count I – Declaratory Relief (no loan obligation)
- Count II – Negligence
- Count III – Gross Negligence
- Count IV – Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) ("FCRA")
- Count V – Violation of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o ("FDCPA")
- Count VI – Violation of Maryland Consumer Protection Act, Md. Code Ann., Com. Law, §§ 13-303(3) and 13-303(4) ("MCPA")

---

[4]   Navient explains that it was misidentified as two separate entities – Navient Solutions, Inc. and "Sallie Mae" – but they are both the same entity. The entity known as Sallie Mae, Inc. became Navient Solutions, Inc. following a corporate reorganization in 2014. Mot. 2, ECF No. 13-1.  Herein, references shall be to Navient regardless of which name was used in the Complaint.

[5]   The credit report reflects student loans to Flax on July 5, 2011 ($20,000), July 24, 2012 ($25,000) and January 8, 2013 ($4,100).  The Complaint references the Equifax Credit Report as Exhibit 1, but there are no exhibits attached to the Complaint.

[6]   Removal was based on this Court's jurisdiction under 28 U.S.C. § 1331 because two claims arise under federal law, and the Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the five state law claims.  Additionally, the Court has diversity jurisdiction under 28 U.S.C. § 1332.

- Count VII – Violation of the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-202, ("MCDCA")

By the instant motion, Navient seeks dismissal of Counts II-VII pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

II.  DISMISSAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint.  A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (citations omitted). When evaluating a 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. However, conclusory statements or "a formulaic recitation of the elements of a cause of action will not [suffice]." Id.  A complaint must allege sufficient facts "to cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557)).

3

Inquiry into whether a complaint states a plausible claim
is "'a context-specific task that requires the reviewing court
to draw on its judicial experience and common sense.'"  <u>Id.</u>
(quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009)).  Thus, if
"the well-pleaded facts [contained within a complaint] do not
permit the court to infer more than the mere possibility of
misconduct, the complaint has alleged – but it has not 'show[n]'
– 'that the pleader is entitled to relief.'"  <u>Id.</u> (quoting
<u>Iqbal</u>, 556 U.S. at 679 (alteration in original)).


III.  <u>DISCUSSION</u>

There is no doubt that Flax's allegations suffice to plead
plausible claims as stated in Count I.[7]  However, as discussed
herein, the Complaint does not adequately plead the claims
asserted in the other Counts.


A.    <u>Factual Allegations</u>

In the instant dismissal contest, the Court accepts as true
Flax's allegations that Navient made loans in his name to pay
for his educational expenses by virtue of forged loan documents
of which he had no knowledge.

---

[7]    Except to the extent that Count I includes claims based
upon alleged violations of the FCRA, MCPA and MCDCA.

Navient's correspondence related to the student loans was directed to Flax's father's address, with whom Flax has not resided.  When Flax discovered the loans, he contacted Navient by letter to protest the authenticity of the loans.[8]

Flax alleges that he has made reasonable attempts to reach some sort of settlement and has demanded verification of the debt, including a request for copies of the underlying contracts and support documentation, but Navient was uncooperative.  In July 2015, Flax sent a letter[9] requesting compliance with the Federal and Maryland Fair Debt Collection Practices Acts and Verification of the Debt.  Navient responded by requesting a Letter of Authorization,[10] pursuant to 15 U.S.C. § 1692c(a), authorizing Flax's counsel to communicate with Navient concerning the disputed loans.  Upon receipt of the signed authorization, Navient has communicated solely with Flax's counsel regarding the requested documentation.  However, Navient has failed to provide any of the contracts or support documentation that Flax requested. Loan repayment reminders and

---

[8]    The letter is referenced as Exhibit 2, but there are no exhibits attached to the Complaint.

[9]    This letter is referenced as Exhibit 3, but there are no exhibits attached to the Complaint.  Flax also references a "return receipt" as Exhibit 4.

[10]    Referenced as Exhibit 5 but not attached to the Complaint. Flax also references a copy of the signed letter as Exhibit 6, and an Ombudsman's Office Letter as Exhibit 7.

invoices[11] are being sent to Flax since November 2015 when the six-month deferment[12] period expired.

B.    Claims Presented

1.    Negligence & Gross Negligence (Counts II and III)

"A complaint alleging negligence must contain the following elements: (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty."  Legore v. OneWest Bank, FSB, 898 F. Supp. 2d 912, 918 n.4 (D. Md. 2012) (quoting Lloyd v. Gen. Motors Corp., 916 A.2d 257, 270-71 (Md. 2007)).  Gross negligence requires these elements plus something more – an intentional failure or reckless disregard of the consequences. Barbre v. Pope, 935 A.2d 699, 717 (Md. 2007).

Navient asserts that Flax's negligence claims fail because Navient did not owe a common law duty to Flax.  "The existence of a legal duty is a question of law to be decided by the Court."  Legore, 898 F. Supp. 2d at 918.

---

[11]    Referenced as Exhibit 8 but not attached to the Complaint.
[12]    Flax graduated from Franklin & Marshall College in May 2015.

Flax asserts that Navient owes him a duty because "banks owe a duty of 'ordinary care' in all banking transactions wherein a bank wrongfully disburses funds."  Opp'n 2, ECF No. 16-2 (citing Md. Code Ann., Com. Law § 3-103[13]).  In his Complaint, Flax also references Md. Code Ann., Com. Law § 4-103. However, the cited sections of Maryland's Uniform Commercial Code ("UCC") apply only to the ordinary care to be used by banks[14] in the handling of negotiable instruments[15] (e.g., checks).

Navient, as a student loan servicer, does not fit under the definition of a "bank," and a student loan of the type at issue would not be considered a negotiable instrument.  See, e.g., Armstrong v. Accrediting Council for Continuing Educ. &

---

[13]   Md. Code, Commercial Law Definitions.
[14]   "'Bank' means a person engaged in the business of banking, including a savings bank, savings and loan association, credit union, or trust company." Md. Code Ann., Com. Law § 4-105.
[15]   Md. Code Ann., Com. Law § 3-104, in pertinent part:
> "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:(1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;(2) Is payable on demand or at a definite time; and(3) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money. . . .

Training, Inc., 168 F.3d 1362, 1364 (D.C. Cir.), opinion amended on denial of reh'g, 177 F.3d 1036 (D.C. Cir. 1999) ("Although guaranteed student loans often change hands many times, they are not considered negotiable instruments; neither repurchasers nor assignees become 'holders in due course.'"); but see In re Dudley, 502 B.R. 259, 274 (Bankr. W.D. Va. 2013) (finding that under Massachusetts law, the student loan note at issue was a negotiable instrument).

Under Maryland law, the relationship between a financial institution and a borrower is contractual, not fiduciary, in nature.  Legore, 898 F. Supp. 2d at 918 (citing Yousef v. Trustbank Sav., 568 A.2d 1134, 1138 (Md. Ct. Spec. App. 1990)).  "Courts have been exceedingly reluctant to find special circumstances sufficient to transform an ordinary contractual relationship between a bank and its customer into a fiduciary relationship or to impose any duties on the bank not found in the loan agreement."  Parker v. Columbia Bank, 604 A.2d 521, 532 (Md. Ct. Spec. App. 1992).

There are certain special circumstances under which a loan contract may give rise to a tort duty to a loan applicant.  Flax contends that his circumstances are similar to those described in Parker, wherein a bank received "an economic benefit separate and apart from the benefit received through the loan itself,

through fraud." Opp'n 3-4, ECF No. 16-2 (quoting <u>Parker</u>, 604
A.2d at 532).  Flax contends that Navient is attempting to
recover separate economic benefits procured through forgery of
Flax's signature.  However, the interest and payments due on a
loan contract do not constitute economic benefits separate from
the loan, nor does Flax allege that he has made any payments to
Navient.

 "Because the harm likely to result from negligent
processing of a loan application is limited to economic loss,
[courts] examine carefully the relationship that existed between
these parties."  <u>Jacques v. First Nat. Bank of Maryland</u>, 515
A.2d 756, 760 (1986).  "[I]f the risk created by negligent
conduct is no greater than one of economic loss, generally no
tort duty will be found absent a showing of privity or its
equivalent." <u>Id.</u> at 761.  Flax alleges that there is no valid
contract, although he did receive the benefit of the loan
proceeds paying his tuition.

 Furthermore, Flax's allegations of harm are based on the
harm to his creditworthiness. Compl. ¶ 44.  The FCRA, 15 U.S.C.
§ 1681h(e), states that "no consumer may bring any action or
proceeding in the nature of . . . negligence with respect to the
reporting of information against . . . any person who furnishes
information to a consumer reporting agency . . . based on

information disclosed . . . except as to false information
furnished with malice or willful intent to injure such
consumer."   There are no factual allegations sufficient to
present a plausible claim that Navient reported false
information "with malice or willful intent to injure."

Accordingly, Flax's negligence and gross negligence claims
shall be dismissed.


2.   FCRA Claims (Count IV)

The Fair Credit Reporting Act ("FCRA") established a
comprehensive statutory scheme designed to regulate the consumer
reporting industry. 15 U.S.C. § 1681(a).   It serves to protect
consumers from having inaccurate information about their credit
status circulated in order to protect their reputation.
Freckleton v. Target Corp., 81 F. Supp. 3d 473, 481 (D. Md.
2015).   Those who furnish information to the credit reporting
agencies have a responsibility to investigate the accuracy of
reported information upon notice of a dispute.   15 U.S.C. §
1681s-2(b); see also Johnson v. MBNA Am. Bank, NA, 357 F.3d 426,
431 (4th Cir. 2004) (holding that "§ 1681s-2(b)(1) requires
creditors, after receiving notice of a consumer dispute from a
credit reporting agency, to conduct a reasonable investigation
of their records to determine whether the disputed information

can be verified." (emphasis added)).  That is, a furnisher is only required to investigate information it has provided if a consumer reporting agency notifies it that a consumer has contacted the agency and disputed the furnished information. 15 U.S.C. § 1681s-2(b)(1).

After receiving disputes, the furnisher must (1) "conduct an investigation with respect to the disputed information," (2) "review all relevant information provided by the consumer reporting agency," (3) "report the results of the investigation to the consumer reporting agency," and (4) "if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis." 15 U.S.C. § 1681s-2(b)(1)(A-D).

Navient contends that Flax's claim under the FCRA fails because Flax did not present factual allegations establishing that he notified a credit reporting agency or that the credit reporting agency provided notice to Navient to investigate the account.  In his response to the instant motion, Flax asserts that he did contact all three credit reporting agencies in April 2013 to obtain information and, during the telephone conversation, he stated that he did not have student loans.

Opp'n 5, ECF No. 16-2.  Flax admits that he did not provide a formal or written dispute to the credit reporting agencies, but argues that he later made Navient aware of his issues with the loans, referencing the missing Exhibit 5 letter in which Navient acknowledges that the loans were disputed.  Id.

However, Navient's duty to investigate was not triggered by a notice from a credit reporting agency.  Therefore, Flax's claim under the FCRA fails.  See 15 U.S.C. § 1681s-2(b), 1681i(a)(2); Johnson, 357 F.3d at 431; see also Ausar-El v. Barclay Bank Delaware, No. CIV. PJM 12-0082, 2012 WL 3137151, at *3 (D. Md. July 31, 2012)("to bring a claim under § 1681s-2(b), a plaintiff must establish three elements: (1) that he or she notified the consumer reporting agency of the disputed information, (2) that the consumer reporting agency notified the defendant furnisher of the dispute, and (3) that the furnisher then failed to investigate and modify the inaccurate information.")

Accordingly, Flax's FCRA claims shall be dismissed.


3.    FDCPA Claims (Count V)

The Fair Debt Collection Procedures Act ("FDCPA") "protects consumers from abusive and deceptive practices by debt collectors . . . ."  United States v. Nat'l Fin. Servs., Inc.,

98 F.3d 131, 135 (4th Cir. 1996).  A debt collector is defined as

> any person who uses any instrumentality of
> interstate commerce or the mails in any
> business the principal purpose of which is
> the collection of any debts, or who
> regularly collects or attempts to collect,
> directly or indirectly, debts owed or due or
> asserted to be owed or due another. . . .
> [T]he term includes any creditor who, in the
> process of collecting his own debts, uses
> any name other than his own which would
> indicate that a third person is collecting
> or attempting to collect such debts.

15 U.S.C. § 1692a(6).

Flax contends that Navient violated the FDCPA by not sending him verification of the student loan debt pursuant to 15 U.S.C. § 1691(g), which requires a written notice containing the details of the debt such as the amount owed, name of creditor, etc.  However, Navient is not a "debt collector" that is subject to the terms of the FDCPA.  See 15 U.S.C. § 1692a(6).  Rather, Navient is a creditor that is collecting its own debt without the aid of a third party.  See 15 U.S.C. § 1692a(4) (defining creditor); see also § 1692a(6)(F)(iii) (defining exclusions to the term "debt collector").

Accordingly, Flax's FDCPA claims shall be dismissed.

4.   MCPA & MCDCA Claims (Counts VI and VII)

Flax's statutory state law claims are premised on Navient's "disclosing information in connection with the consumer transaction." Compl. ¶ 66, 73.  As such, these claims are preempted by the FCRA, 15 U.S.C. § 1681t(b), which states:

> No requirement or prohibition may be
> imposed under the laws of any State-- . . .
> with respect to any subject matter regulated
> under-- . . . section 1681s-2 of this title,
> relating to the responsibilities of persons
> who furnish information to consumer
> reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F).  Section 1681s-2 encompasses the "[d]uty of furnishers of information to provide accurate information" which includes correcting any errors in reporting, and the duties of furnishers of information "[a]fter receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency," which includes conducting an investigation into the dispute and correcting any errors discovered with the credit reporting agencies. § 1681s-2(a),(b).

Accordingly, Flax's MCPA and MCDCA claims shall be dismissed.

IV.   <u>CONCLUSION</u>

For the foregoing reasons,

1.   The Motion of Navient Solutions, Inc. to Dismiss, in part, Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 13] is GRANTED.

2.   Any claims in Count I based upon alleged violations of the FCRA, MCPA and MCDCA are DISMISSED.

3.   All claims in Counts II, III, IV, V, VI, and VII are hereby DISMISSED.

4.   Defendant shall file its Answer to the remaining claims in Count I by April 14, 2017.

5.   Plaintiff shall arrange a telephone conference, to be held by April 21, 2017, to discuss the scheduling of any further proceedings herein.

SO ORDERED, on <u>Monday, March 27, 2017</u>.

_____/s/___  __ _____

Marvin J. Garbis
United States District Judge
